UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH CHARLES CHAPMAN,<br><br>Petitioner,<br><br>v.<br><br>SUZANNE M. PEERY, Acting Warden,<br><br>Respondent. | Case No. 13-cv-02301-YGR (PR)<br><br>**ORDER LIFTING STAY; DIRECTING RESPONDENT TO SHOW CAUSE WHY THE WRIT SHOULD NOT BE GRANTED; AND ADDRESSING PENDING MOTIONS** |

Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 24, 2014, the Court issued an Order granting Petitioner's request for a stay of proceedings while he returned to state court to exhaust his administrative remedies. On February 24, 2015, Petitioner informed the Court that his state proceedings had concluded. On May 20, 2015, he filed a motion for leave to proceed *in forma pauperis* as well as his first amended habeas petition containing his exhausted claims. Dkts. 19, 20.

Before the Court is Petitioner's implied motion to lift the stay. Good cause appearing, Petitioner's implied motion to lift the stay is GRANTED. The Clerk of the Court is directed to mark Petitioner's first amended petition as filed on May 20, 2015, the date it was received. The Clerk shall reopen this case, and shall serve the first amended petition upon Respondent, as directed below.

Also before the Court is Petitioner's motion entitled, "Amended Petition, Notice of Motion and Motion to Dismiss for Failure to Comply With [Petitioner's] Discovery Requests," which the Court construes as a motion for leave to conduct discovery. Dkt. 21. However, a habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Federal Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, provides that a "party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to

do so, but not otherwise." Good cause for discovery under Rule 6(a) is shown "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . .'" *Bracy*, 520 U.S. at 908-09. At this time, any such discovery requests are premature as Petitioner's action has been closed pending the exhaustion of his state judicial remedies and is only being reopened now. Petitioner's motion for leave to conduct discovery is therefore DENIED as premature.

## CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Petitioner's motion for leave to proceed *in forma pauperis* (dkt. 20) is DENIED as moot because Petitioner has already been granted *in forma pauperis* status. *See* Dkt. 3 at 3.

2. Petitioner's implied motion to lift the stay is GRANTED. The Clerk is directed to mark Petitioner's first amended petition as filed on May 20, 2015, the date it was received.

3. The Court DENIES as premature Petitioner's motion entitled, "Amended Petition, Notice of Motion and Motion to Dismiss for Failure to Comply With [Petitioner's] Discovery Requests," which has been construed as his motion for leave to conduct discovery. Dkt. 21.

4. The Clerk shall REOPEN this case and serve a copy of this Order and <u>the first amended petition and all attachments thereto</u> (Dkt. 19) upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this Order on Petitioner at his most current address.

5. Respondent shall file with this Court and serve upon Petitioner, within **sixty (60) days** of the issuance of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the relevant state records that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

6. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within **sixty (60) days** of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision **sixty**

**(60) days** after the date Petitioner is served with Respondent's Answer.

7. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

8. Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

9. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

10. Suzanne M. Peery, the current acting warden of the prison where Petitioner is incarcerated, has been substituted as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

11. This Order terminates Docket Nos. 20 and 21.

IT IS SO ORDERED.

Dated: December 17, 2015

YVONNE GONZALEZ ROGERS
United States District Court Judge