UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH CHARLES CHAPMAN,<br><br>Petitioner,<br><br>v.<br><br>SUZANNE M. PEERY, Warden, et al.,<br><br>Respondents. | Case No. 13-cv-02301-YGR (PR)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL** |

Before the Court is Petitioner's motion for appointment of counsel. Dkt. 31.

The Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A (a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984).

The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which the petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, *Federal Habeas Corpus Practice and Procedure* § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.

1965).

Petitioner claims that appointment of counsel is appropriate because he suffers from schizophrenia. Dkt. 31 at 4. However, the Court finds that the appointment of counsel is not warranted at this time. Petitioner's claim was briefed by counsel on direct appeal, and it is not especially complex. This is not an exceptional case that would warrant representation on federal habeas review. Accordingly, the interests of justice do not require appointment of counsel, and Petitioner's motion is DENIED. This denial is without prejudice to the Court's *sua sponte* reconsideration should the Court find an evidentiary hearing necessary following consideration of the merits of Petitioner's claims.

This Order terminates Docket No. 31.

IT IS SO ORDERED.

Dated: July 25, 2016

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge