UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH CHARLES CHAPMAN, Petitioner, v. WARREN L. MONTGOMERY, Warden, Respondent. | Case No. 13-cv-02301-YGR (PR)<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION; AND DENYING HIM LEAVE TO PROCEED** *IN FORMA PAUPERIS* **ON APPEAL** |

## I. INTRODUCTION

This federal habeas corpus action, now closed, was filed pursuant to 28 U.S.C. § 2254 by Petitioner, a *pro se* state prisoner who challenged his 2009 conviction and sentence rendered in the Santa Clara County Superior Court. Petitioner was convicted of two counts of second degree robbery and two counts of assault with a deadly weapon, stemming from a December 17, 2007 incident involving Senorino Organez and Mike Nguyen, who were working as loss prevention agents at Wal-Mart Stores, Inc. On January 17, 2017, the Court denied the federal habeas petition, declined to issue a Certificate of Appealability, and entered judgment in favor of Respondent. Dkts. 37, 38.

Before the Court is Petitioner's "Motion to Alter or Amend Judgment," which will be construed as his motion for reconsideration. Dkt. 39. Specifically, Petitioner moves for reconsideration of the Court's January 17, 2017 Order, presumably pursuant to either Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure. Respondent has filed an opposition. Dkt. 45. Also before the Court is Petitioner request to proceed *in forma pauperis* on appeal. Dkt. 42.

For the reasons outlined below, Petitioner's motion for reconsideration and request to proceed *in forma pauperis* on appeal are DENIED.

## II. DISCUSSION

### A. Motion for Reconsideration

Where, as here, the Court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. As of 2009, the Federal Appellate Rule 4's deadline to file a motion for reconsideration under either Rule 59(e) or Rule 60(b) is twenty-eight days. *See Classic Concepts, Inc. v. Linen Source, Inc.*, 716 F.3d 1282, 1285 (9th Cir. 2013). Petitioner's present motion for reconsideration was filed within the twenty-eight day period, and it is therefore timely under both rules.

A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). A district court does not commit clear error warranting reconsideration when the question before it is a debatable one. *See id.* at 1256 (district court did not abuse its discretion in denying reconsideration where question whether it could enter protective order in habeas action limiting Attorney General's use of documents from trial counsel's file was debatable).

Meanwhile, under Federal Rule of Civil Procedure 60(b), a party may seek relief from a judgment and to re-open his case in limited circumstances. The Rule provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

2

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The decision of whether or not to grant relief under Rule 60(b) is matter of the district court's discretion. *See Fantasyland Video, Inc. v. County of San Diego*, 505 F.3d 996, 1001 (9th Cir. 2007).

Rule 60(b)(6) allows courts the discretion "to vacate judgments whenever such action is appropriate to accomplish justice." *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009) (citation omitted). Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations omitted).

Here, Petitioner does not indicate under what provision of either Rule 59(e) or Rule 60(b) reconsideration is warranted. In any case, he presents no valid basis for reconsideration under either Rule 59(e) or Rule 60(b). He alleges no new evidence that could not have been discovered with due diligence. While he makes certain conclusory arguments to this effect, he fails to show mistake, inadvertence, surprise, excusable neglect, fraud by the adverse party, or voiding of the judgment. Finally, as explained below, he does not provide any other reason justifying relief, such as extraordinary circumstances.

Instead, in his motion for reconsideration, Petitioner claims that: (1) he was entitled to a pretrial hearing and conference in state court to narrow the issues that would be tried; (2) the prosecutor suppressed evidence that would have shown that Petitioner took merchandise off a hanger at the Walmart store and not directly from the loss prevention agents; and (3) the failure to submit evidence in support of his prosecutorial misconduct claims was because this Court denied his motion for discovery.[1] *See* Dkt. 39 at 2-5.

First, Petitioner's claim that he was entitled to a pretrial hearing and conference in state court is an entirely new claim, which was *not* raised in either his original petition or amended

---

[1] On December 17, 2015, the Court denied Petitioner's request to conduct discovery without prejudice as premature. *See* Dkt. 22. While not entirely clear, it appears that Petitioner is challenging the Court's December 17, 2015 Order.

3

petition. Thus, his motion raising such a new claim should be construed as a second or successive habeas petition. *See Rishor v. Ferguson*, 822 F.3d 482, 492 (9th Cir. 2016) (holding that a Rule 59(e) motion that raises entirely new claims should be construed as a second or successive habeas petition subject to AEDPA[2]'s restrictions). Second, Petitioner's claim that the prosecutor suppressed evidence consists of the same claims and arguments from his amended petition that have already been denied on the merits by this Court. Third, the Court notes that it previously denied as premature any discovery motions made by Petitioner, *see* Dkt. 22, and that Petitioner never renewed any of his discovery requests before his habeas petition was denied on the merits. Moreover, because Petitioner fails to show good cause to conduct discovery, such a request is meritless in any event. *See Bracy v. Gramley*, 520 U.S. 899, 908-909 (1997) (explaining that good cause for discovery is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . .").

Accordingly, Petitioner's motion for reconsideration is DENIED. Dkt. 39.

### B. Motion for Leave to Proceed *In Forma Pauperis* on Appeal

Petitioner has requested to proceed *in forma pauperis* on appeal. Dkt. 42. In its January 17, 2017 Order, the Court declined to issue a certificate of appealability and determined there were no valid grounds for an appeal. Dkt. 37 at 25. Consequently, Petitioner fails to show good cause to proceed *in forma pauperis* on appeal.

Accordingly, the motion to proceed *in forma pauperis* on appeal is hereby DENIED. Dkt. 42.

The Clerk shall send a copy of this Order to Petitioner and to the Ninth Circuit Court of Appeals, wherein Petitioner may renew his motion. *See* Fed. R. App. P. 24(a).

### III. CONCLUSION

For the reasons outlined above, the Court orders as follows:

1. Petitioner's motion for reconsideration is DENIED. Dkt. 39.

---

[2] Antiterrorism and Effective Death Penalty Act of 1996.

4

2. Petitioner's motion to proceed in forma pauperis on appeal is DENIED. Dkt. 42.

3. The Clerk of the Court shall serve a copy of this Order on the Ninth Circuit Court of Appeals.

4. This Order terminates Docket No. 39 and 42.

IT IS SO ORDERED.

Dated: June 2, 2017

_____
YVONNE GONZALEZ ROGERS
United States District Judge